IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**CARLOS RAMOS**
    **Plaintiff,**

v.

**OPTICSPLANET, INC**
    **Defendant,**
_____/

CASE NO.

8:21 cv 2074 TPB-SPF

**COMPLAINT**
TCPA  47 U.S.C. § 227, *et. seq.*

**PLAINTIFF, CARLOS RAMOS,** (Ramos), brings this complaint and ***demand for jury trial*** against Opticsplanet, Inc. (OPI) requesting this honorable court for injunctive and monetary relief due to OPI violations of sending unsolicited and unwanted telemarketing texts messages in violation of 47 U.S.C. § 227, *et. seq.* and its implementing regulations 47 CFR 64.1200 *et.seq.* to Plaintiff's cellular number ending in 9354, a number that has been registered on the **"Do Not Call"** (DNCR) registry since October 04, 2020.



Page **1** of **7**

---

**National Do Not Call Registry - Your Registration Is Confirmed**
1 message

Verify@donotcall.gov <Verify@donotcall.gov>                    Mon, Aug 16, 2021 at 11:04 A
To: cisco32808@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 9354 on October 04, 2020. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

---

## PARTIES

1. Plaintiff, Ramos is a resident of Hernando County, FL.

2. OPI is an Illinois Corporation with its headquarters located at 3150 Commercial Ave Northbrook IL 60062.

## JURISDICTION AND VENUE

3. This court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*.

4. This court has personal jurisdiction and venue is proper since the unlawful telemarketing text messages were received while Plaintiff was and currently is a resident in Hernando County, Florida.

## FACTUAL ALLEGATIONS

5. On or about September 2020, Plaintiff was re-assigned the cellular number ending in 9354.

6. Plaintiff uses his phone for personal use only. It is not associated with a business.

7. The Telephone Consumer Protection Act (TCPA) is a strict liability statute, meaning there is zero-tolerance for calling the wrong person. Additionally, express consent from the intended recipient of a call does not exempt a caller from liability under the TCPA when the incorrect person receives the call/text.

8. The National Do Not Call Registry (DNC) allows consumers to register their numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See:* e 47 C.F.R. § 64.1200(c)(2).

9. Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, Cutting off Robocalls (July 22, 2016).

10. On October 04, 2020, RAMOS registered the cell number in the national DNC registry which confirmed that after (31) days the unwanted telemarketing text messages would stop.

11. Defendant places calls and sends solicitation text messages to consumers who registered their phone number on the DNC without obtaining the necessary consent to place such calls/texts.

12. In 2015, the Federal Communications Commission (FCC) created a "one-call" safe harbor for reassigned numbers. In 2018, the D.C. Circuit Court

invalidated this safe harbor, finding it to be "arbitrary and capricious." As a result, there is currently no recycled numbers safe harbor.

13. Plaintiff has never done business or heard about this company before he started receiving the unsolicited telemarketing text messages.

14. Plaintiff received a total a nine (9) unsolicited and unlawful telemarketing text messages from OPI from November 09, 2020 until December 21, 2020, well over the (31) days after registering the cellular phone number with the DNC registry on October 04, 2020.

15. Plaintiff replied "STOP" to a text message on December 31, 2020, Defendant complied and no further telemarketing text messages were received.







16. All text messages received contained offers for merchandise on sale.

17. All marketing text messages were generic and were not addressed to the Plaintiff.

18. All text messages originated from the long code number 646-759-9155, a number which Plaintiff believes allows text messages to be sent *en masse*.

19. The unwanted text messages harmed Plaintiff in the form of annoyance, nuisance, invasion of privacy, and intrusion upon seclusion.

20. The text messages occupied the already limited capacity of the cell storage, depleted its battery, cost money to recharge the battery and disturbed the use and enjoyment of the phone.

21. Many of the unlawful text messages disrupted the privacy, preparation, and enjoyment of the family dinner.

22. Telemarketing messages transmitted to cellular numbers registered with the DNC list and without the express consent of the called party violate the TCPA and creates a private cause of action under 47 U.S.C. § 227(c).

> *Congress explicitly created a private right of action for regulations promulgated under section 227(c). See 47 U.S.C. § 227(c)(5)(A) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may... [bring] an action based on a violation of the regulations prescribed under this subsection...."). See: Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1265 (11th Cir. 2019).*

## CAUSE OF ACTION
## COUNT ONE

### VIOLATION OF THE TCPA "DO-NOT-CALL" RULE AND THE FCC's REGULATIONS 47 CFR 64.1200 *et.seq*

23. RAMOS re-alleges and incorporates Paragraph 1 through 22 of this complaint and alleges that the Defendant violated the TCPA and FCC rules pertaining to the DNC list by not scrubbing the DNC list every (31) days, as mandated, to avoid calling re-assigned phone numbers.

24. By failing to do so, Defendants sent (9) unsolicited and unlawful telemarketing text messages to Plaintiff's cell number, a number that was registered with the National DNC registry when the unlawful text messages were received.

25. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telemarketing text message in a 12-month period made by or on

behalf of the Defendant in violation of 47 C.F.R. § 64.1200 and without Plaintiff's express consent.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Ramos respectfully petitions this Honorable Court for the following relief:

Judgement against the Defendant for their violation of the TCPA and FCC laws and regulations in the amount of (500.00) dollars in statutory damages for each unlawful telemarketing text message sent to Plaintiff's cellular phone, which was registered with the FCC's DNC registry and without Plaintiff's express consent.

For such other and further relief as this Court may deem just and proper. Respectfully submitted this 25th day of August, 2021.

Carlos Ramos Pro se<br>
<i>[signature]</i><br>
4653 Mariner Blvd.<br>
Spring Hill, FL 34609<br>
charlie.ramos@gmail.com